IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HARRY CANTY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DUKE ENERGY CAROLINAS, LLC, <br><br> Defendant. | Civil Action No. 3:15-cv-628 <br><br> **DEFENDANT'S ANSWER AND DEFENSES** |

NOW COMES Defendant Duke Energy Carolinas, LLC ("Defendant" or "Duke"), and files its Answer and Defenses to the Complaint filed against it by Harry Canty, Jr. ("Plaintiff").

## PARTIES, JURISDICTION, AND VENUE

1. Defendant lacks knowledge and information sufficient to form a belief about the allegations in Paragraph 1. As such, Defendant denies the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits that this Court has subject matter jurisdiction over this action. Except as specifically admitted, Defendant denies the allegations in Paragraph 3.

4. Defendant admits that this Court has personal jurisdiction over it. Except as specifically admitted, Defendant denies the allegations in Paragraph 4.

5. Defendant admits that venue is proper in this Court. Except as specifically admitted, Defendant denies the allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

## CONDITIONS PRECEDENT TO SUIT

7. Defendant admits that Plaintiff filed Charge No. 430-2015-01020 with the U.S. EEOC. Except as specifically admitted, Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant admits that the U.S. EEOC issued Plaintiff a Right to Sue letter on August 25, 2015. Defendant lacks knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 9. As such, Defendant denies the remaining allegations in Paragraph 9. Except as specifically admitted, Defendant denies the allegations in Paragraph 9.

10. Defendant lacks knowledge and information sufficient to form a belief about the allegations in Paragraph 10. As such, Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

## FACTUAL ALLEGATIONS

12. Defendant admits that Plaintiff began work for Defendant on or about February 26, 2007. Defendant lacks knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 12. As such, Defendant denies the remaining allegations in Paragraph 12. Except as specifically admitted, Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant admits that Plaintiff was asked to become a security trainer for the facility. Except as specifically admitted, Defendant denies the allegations in Paragraph 16.

17. Defendant admits that Plaintiff contacted Employee Concerns Program ("ECP") representative Shad Berthrong. Except as specifically admitted, Defendant denies the allegations in Paragraph 17.

18. Defendant admits that Mr. Berthrong conveyed to Plaintiff that Michael Green had stated that Plaintiff's skill level set was high and that Plaintiff would be a better contributor

to the success of the team in another position. Except as specifically admitted, Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits that Plaintiff was moved to a different assignment during a tri-annual Nuclear Regulatory Commission drill and that Bo Arrington told Plaintiff that it was because of a directive from corporate. Except as specifically admitted, Defendant denies the allegations in Paragraph 20.

21. Defendant admits that Plaintiff complained to ECP about this matter. Except as specifically admitted, Defendant denies the allegations in Paragraph 21.

22. Defendant admits that Plaintiff was asked to move away from his self-selected seat at the officers' table and take a seat with the rest of his colleagues in order to maintain the same division between officers and non-officers that is present during drills. Except as specifically admitted, Defendant denies the allegations in Paragraph 22.

23. Defendant admits that it invited Plaintiff to state any issues he wanted to be investigated in writing so as to facilitate a full investigation, but that Plaintiff refused. Except as specifically admitted, Defendant denies the allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. Defendant admits the allegations in Paragraph 25.

26. Defendant admits that Plaintiff asked Linda Sutton and Lieutenant Travis Brittain about his vacation in early 2015 and that they investigated the matter fully and promptly. Except as specifically admitted, Defendant denies the allegations in Paragraph 26.

27. Defendant admits that Lieutenant Owen Crater approached four employees seated in the break room on the clock and encouraged them to go back into the search area. Defendant

lacks knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations related to the views and thoughts of others. Except as specifically admitted, Defendant denies the allegations in Paragraph 27.

28. Defendant lacks knowledge and information sufficient to form a belief about the allegations in Paragraph 28. As such, Defendant denies the allegations in Paragraph 28.

29. Defendant admits that Plaintiff complained to human resources about the March 2, 2015 discussion between himself and Lieutenant Owen Crater. Defendant admits that John Drakeford and Michael Sharpe also submitted statements to Defendant. Defendant admits that it began a thorough and prompt investigation. Except as specifically admitted, Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits that Defendant completed its investigation into Plaintiff's complaint on or about June 2, 2015. Except as specifically admitted, Defendant denies the allegations in Paragraph 32.

## CLAIM FOR RELIEF
## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Defendant incorporates its previous responses into this Paragraph 33 as if fully stated herein.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits that Plaintiff identifies as African American and began the EEOC process on March 27, 2015 alleging discrimination and retaliation in employment. Defendant admits that the EEOC completed its investigation by dismissing Plaintiff's Charge of Discrimination with a no cause finding. Defendant lacks knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 39. As such, Defendant denies the remaining allegations in Paragraph 39. Except as specifically admitted, Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

## CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47. Defendant incorporates its previous responses into this Paragraph 47 as if fully stated herein.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant admits that Plaintiff identifies as African American and began the EEOC process on March 27, 2015 alleging discrimination and retaliation in employment. Defendant admits that the EEOC completed its investigation by dismissing Plaintiff's Charge of Discrimination with a no cause finding. Defendant lacks knowledge and information sufficient to form a belief about the remaining allegations in Paragraph 54. As such, Defendant denies the remaining allegations in Paragraph 54. Except as specifically admitted, Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

## CLAIM FOR RELIEF
## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF 42 U.S.C. § 1981

61. Defendant incorporates its previous responses into this Paragraph 61 as if fully stated herein.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

**CLAIM FOR RELIEF**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF**
**N.C.G.S. § 143-422.2**

69. Defendant incorporates its previous responses into this Paragraph 69 as if fully stated herein.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief, legal or equitable, as stated in the Complaint, or otherwise. Defendant denies that Plaintiff's allegations should survive judicial review or be determined by a jury. Defendant specifically denies parts (1) through (12) of the Complaint's "WHEREFORE" Paragraph on Page 10 of the Complaint.

All allegations of the Complaint not specifically admitted are hereby denied.

**AFFIRMATIVE AND OTHER DEFENSES**

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff's claims fail because Defendant's actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory reasons.

### THIRD DEFENSE

Defendant did not discriminate against Plaintiff in any way.

### FOURTH DEFENSE

Defendant denies that it has engaged in any unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, North Carolina public policy, or any other law.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his alleged injuries and damages, if any, and therefore he is not entitled to recover the damages claimed.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent they are outside the applicable statute of limitations.

### SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he failed to satisfy all requisite conditions precedent to filing.

### EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that he failed to exhaust required administrative prerequisites to suit.

### NINTH DEFENSE

Plaintiff is not entitled to any damages in this action. However, in the event Plaintiff recovers damages in this action, the amounts of such damages are subject to the due process safeguards afforded by the United States and North Carolina Constitutions, including the Law of

Land Clause, and Plaintiff is not entitled to damages to the extent that the award of such damages would violate the United States or North Carolina Constitutions.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, quasi-estoppel, laches, and/or unclean hands.

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages against Defendant because Defendant in good faith attempted to comply with all federal, state and local laws, and never engaged in any conduct that would justify an award of such damages.

## TWELFTH DEFENSE

Defendant engaged at all times in good faith toward Plaintiff, made all employment related decisions regarding Plaintiff based solely on non-discriminatory reasons, and did not engage in any willful, wanton, or wrongful activity that would support a claim for punitive damages.

## THIRTEENTH DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions (which Defendant specifically and vehemently denies), the same actions would have been taken for legitimate, nondiscriminatory reasons without regard to the improper or impermissible motive.

## FOURTEENTH DEFENSE

To the extent, if any, that Defendant's employees or agents engaged in any unlawful conduct, such actions were outside the scope of his or her employment, were contrary to the

practices, policies and directive of Defendant, were not done in furtherance of Defendant's business interests, and were not ratified by Defendant.

## FIFTEENTH DEFENSE

Plaintiff was an at-will employee, subject to changes in the terms of his employment, work hours and schedule, reassignment, and termination, at any time, for any reason, and without notice.

## SIXTEENTH DEFENSE

Defendant has in place an effective anti-harassment and anti-discrimination policy to prevent and promptly correct any harassment.

## SEVENTEENTH DEFENSE

Plaintiff unreasonably failed to promptly and fully report his allegations of harassment and discrimination.

## EIGHTEENTH DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any harassing behavior allegedly committed. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or otherwise available to him to avoid harm.

## NINETEENTH DEFENSE

Plaintiff's alleged wrongs do not amount to a tangible adverse employment action and therefore, his claims legally fail.

Defendant reserves the right to plead additional affirmative and other defenses as they become known through discovery or otherwise.

WHEREFORE, Defendant prays that the Court deny the relief sought by Plaintiff in all respects, that Defendant be fully discharged from any and all liability as alleged in the Complaint, and the Court award Defendant its costs and reasonable attorneys' fees incurred in defending this action.

Dated: January 27, 2016

By: /s/ *Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC  28202
Telephone:   704.972.7000
Facsimile:    704.333.4005

*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following counsel of record:

Eric A. Montgomery
THE MONTGOMERY LAW FIRM, PLLC
6135 Park South Drive, Suite 510
Charlotte, North Carolina 28210
Telephone: (704) 749-3135
Facsimile: (704) 749-3136
E-mail: Eric@themlawfirm.com

*Attorney for Plaintiff*

By: /s/ *Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC  28202
Telephone:   704.972.7000
Facsimile:   704.333.4005

*Attorney for Defendant*

Firmwide:138102216.2 059003.1008